UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10653-GAO

JACOB MATUSEVICH
Plaintiff,

v.

MIDDLESEX MUTUAL ASSURANCE COMPANY
Defendant.

OPINION AND ORDER
March 12, 2014

O'TOOLE, D.J.

The plaintiff, Jacob Matusevich, alleges that the defendant, Middlesex Mutual, breached the parities' flood insurance policy by denying coverage following a flood that damaged the plaintiff's home. The Complaint contains a single count for breach of contract. The parties have filed cross-motions for summary judgment, the question turning on the proper interpretation of a key term.

I.     Facts

The parties do not dispute the essential facts. The plaintiff has owned a home in Swampscott, Massachusetts since 1992. The house has two levels. The lower level of the home is subgrade on three sides; the fourth side opens to a same-level in-ground swimming pool. The pool is surrounded by a concrete apron which extends from the edge of the pool to the rear of the home. The issue in this case is whether the rear of the lower level is below ground level.

The defendant is authorized by the Federal Emergency Management Agency ("FEMA") to issue Standard Flood Insurance Policies ("SFIP") and handle and adjust claims for FEMA

under the National Flood Insurance Program ("NFIP"). In November 2008 the defendant issued a SFIP to the plaintiff. The plaintiff timely paid all premiums and annually renewed the policy.

On October 4, 2011 the lower level of the plaintiff's home flooded due to torrential rain and flash flooding. Approximately 50 inches of water entered the lower level, causing damage to the lower level and its contents.

After the waters abated, the plaintiff proffered a flood loss claim to the defendant. He submitted two proofs of loss for $12,159.82 and $136,588.19. At the end of November 2011 the defendant tendered payment to the plaintiff in the amount of $12,159.82 but rejected the larger claim of $136,588.19 based on its determination that the lower level is a "basement" as defined by the SFIP. A "basement" is defined in Section II(B)(5) of the policy as; "Any area of the building, including any sunken room or sunken portion of a room, having its floors below ground level (subgrade) on all sides." (Pl.'s Statement of Material Facts Ex. 4 at 4 (dkt. no. 23-4).) The policy excludes coverage for a "basement."

Representatives from both parties have inspected the home and have reached the same conclusions as to the elevations at issue. The concrete pool apron is 4.25 inches thick. The subsurface concrete floor of the lower level is 1.76 inches below the upper surface of the concrete pool apron. On top of the concrete base there was subflooring and floor coverings that were 1 inch high. Accordingly, the usable surface of the floor, including the subfloor and floor coverings, was .76 inches below the surface of the concrete pool apron. Measurements were also taken comparing the elevation of the lower level and the ground beneath the concrete pool apron. Inclusive of subflooring and floor covering the lower level is higher than the ground beneath the pool apron by 3.49 inches, and exclusive of the floor covering it is 2.49 inches higher.

## II.      Standard of Review

Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing the basis for its motion and identifying where there exists a lack of any genuine issue of material fact. Id. at 323. A dispute is "genuine" only if a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must "view the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

## III.      Discussion

The NFIP program involves both private insurers and "large-scale participation of the federal government." 42 U.S.C. § 4001(b). The regulations governing the administration of the NFIP allow the Federal Insurance Administrator to enter in arrangements with private sector insurance companies who may offer flood insurance under the program. 44 C.F.R. § 62.23(a). FEMA, which administers the NFIP, fixes the terms and conditions of the SFIP policies. 44 C.F.R. §§ 61.4(b), 61.13(d). Because any claim paid under the NFIP is a direct charge to the U.S. Treasury, private insurers must strictly enforce the provisions set by FEMA, and the courts must ensure that any conditions precedent to payment are strictly construed. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384-85 (1947); Heckler v. Cmty. Health Serv. of Crawford Cnty. Inc., 467 U.S. 51, 63 (1984) ("Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of the law").

3

The basement exclusion of the SFIP is no exception to the strict enforcement rule. The Third Circuit has stated, "If a person must step up when exiting the lower level to the outside, the lower level is below ground level and, thus, is a basement. This is true even if one must step up only an inch when going outside." Linder & Associates, Inc. v. Aetna Cas. & Sur. Co., 166 F.3d 547, 550 (3d Cir. 1999) (internal citations omitted). In this case, the dispute between the parties is what constitutes ground level. The plaintiff believes the top of the soil under the concrete pool apron is the appropriate measuring point, while the defendant argues for the top of the concrete pool apron.

A similar issue was decided in Linder. In that case, limestone fill raised the surface of an alley above the floor of a garage. Id. at 549. The court held that the top of the limestone, not the ground below, was the appropriate measure for ground level. Id. at 551 ("Coverage under a flood insurance policy is predicated upon the occurrence of a flood. There cannot be a flood unless water rises above and flows over the existing ground level. It only makes sense, therefore, to equate 'ground level' in the flood insurance policy as the ground level that was actually flooded, i.e., as the ground level at the time of the flood.").

Following Linder is appropriate in this case. "Ground level" in the SFIP means the ground level at the time of the flood, not the natural grade at the time the building was built. Id. at 550-51. Therefore, the top of the concrete pool apron is the relevant point at which to measure. While the drop in elevation between the concrete apron and the floor of the lower level is small, strict enforcement of the SFIP compels the finding that the lower level of the plaintiff's home is a "basement" as defined by the policy. The exclusion applies, and the plaintiff's claim fails.

**IV.** **Conclusion**

For the reasons stated herein, the defendant is entitled to summary judgment as a matter of law. Therefore, the defendant's Motion for Summary Judgment (dkt. no. 24) is GRANTED, and the plaintiff's Motion for Summary Judgment (dkt. no. 21) is DENIED. Judgment shall enter for the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge